IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **DAVID HOLZMAN,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**COMMERCIAL FORCED AIR, INC.,**)<br>**JOHN DOES 1-10, JANE DOES 1-10,**)<br>**DOE PARTNERSHIPS 1-10, DOE**)<br>**CORPORATIONS 1-10, DOE**)<br>**ENTITIES 1-10 and DOE**)<br>**GOVERNMENTAL UNITS 1-10,** )<br>)<br>Defendants. )<br>_____) | CIVIL NO. CV04 00009 SOM-KSC<br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS |

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR SANCTIONS

I. INTRODUCTION

On November 21, 2003, Holzman filed a Complaint (the "Complaint") against CFA in the First Circuit Court of the State of Hawaii suing CFA for, among other claims, breach of contract. After removing the case to federal court and filing its Counterclaim (the "CFA Counterclaim"), CFA agreed to submit the dispute to binding arbitration with Dispute Prevention & Resolution, Inc. ("DPR"). (See Exhibit "B").

5

However, despite DPR's numerous requests for compliance, CFA failed and/or refused to sign and return DPR's Agreement to Participate in Binding Arbitration (the "Agreement to Participate") to DPR and failed and/or refused to remit $4,400.00 to DPR as CFA's initial deposit (the "CFA Deposit") for the arbitration. Consequently, by letter dated August 10, 2005, DPR canceled the arbitration hearings scheduled for September 13, 14, and 15, 2005, and placed the matter in abeyance pending further advice from the parties or further direction from the Court. (See Exhibit "B").

Damon Key Leong Kupchak Hastert and Stites & Harbison, PLLC, counsel for CFA ("CFA's Initial Counsel"), filed their Notice of Hearing Motion; Motion to Withdraw as Counsel for Defendant Commercial Forced Air, Inc. (the "Motion to Withdraw") on August 8, 2005. CFA's Initial Counsel, in the Notice of Hearing Motion to the Motion to Withdraw, notified CFA that, should the Motion to Withdraw be granted, CFA will be personally responsible for complying with all court orders and time limits established by any applicable rules, and that, as a corporation, partnership, or other legal entity, CFA cannot appear without counsel admitted to practice before the court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken and default judgment or other sanction may be imposed against CFA. (See Motion to Withdraw).

Holzman opposed the Motion to Withdraw, and on August 29, 2005, Holzman filed his Motion to Compel Arbitration (the "Motion to Compel Arbitration").

On September 9, 2005, the Honorable Kevin S. C. Chang granted the Motion to Withdraw and issued the Order to Obtain New Counsel ordering CFA to obtain new counsel to appear in this case and ordering CFA's Initial Counsel to appear at the hearing on the Motion to Compel on October 3, 2005, if new counsel for CFA had not made an appearance before October 3, 2005. (See Exhibit "A").

The Motion to Compel was granted on September 29, 2005, and CFA's Initial Counsel then withdrew from the case. However, CFA failed and/or refused to comply with the Order to Obtain New Counsel, and to date, CFA has not obtained new counsel to enter an appearance in this case on its behalf.

On September 29, 2005, the Honorable Susan Oki Mollway granted the Motion to Compel and issued her Order Compelling Arbitration ordering Holzman and CFA to proceed with arbitration of all claims in this dispute. The Order Compelling Arbitration required CFA to comply with all requirements imposed by DPR, including signing and returning the Agreement to Participate to DPR and remitting the CFA Deposit to DPR. (See Exhibit "B").

As new counsel for CFA had not entered an appearance, DPR sent a letter to Mr. Serdar Senaydin, CFA's President, on February 24, 2006, enclosing a copy of the

7

Order Compelling Arbitration and requesting that CFA sign and return the Agreement to Participate to DPR and remit the CFA Deposit to DPR no later than March 17, 2006, pursuant to the Order Compelling Arbitration. (See Exhibit "C" and "D"). However, CFA again failed and/or refused to sign and return the Agreement to Participate and to remit the CFA Deposit to DPR by March 17, 2006, and to date, CFA has yet to comply with the Order Compelling Arbitration. (See Affidavit of Kelly Bryant Berganio)

Holzman requests the Court to sanction CFA for violating the Order to Obtain New Counsel and Order Compelling Arbitration (collectively, the "Court Orders") by dismissal of the CFA Counterclaim with prejudice and entry of default judgment against CFA on Holzman's Complaint.

## II. ARGUMENT

Although termed "extreme," the United States Supreme Court recognized that district court judges must have the supervisory power to enter dismissals with prejudice and defaults as sanctions in appropriate cases. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1975). "The most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be

deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 643.

The same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), is used to review sanction orders for dismissals with prejudice and defaults. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). "This court has applied the same general analysis in reviewing all sanction orders which deprive a party of the right to proceed with or defend against a claim, using some or all of the six-part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)." *Id.* 1148. "Under the *Poulis* test, the district court must consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate solutions; and (6) the meritoriousness of the claim or defense." *Id.*; *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Not all of the *Poulis* factors need be satisfied for dismissal with prejudice and/or entry of default to be warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992).

9

A.  **Dismissal of CFA's Counterclaim with prejudice as a sanction for CFA's violations of the Court Orders.**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

In *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 353 F.Supp. 2d 538, 539 (E.D. Pa. 2003), the court ordered that Windward's contract claim be arbitrated and stayed the action. Windward then violated the court's order mandating arbitration by failing to name a replacement arbitrator or otherwise take any steps to advance the matter. *Id.* Citing Rule 41(b) of the Federal Rules of Civil Procedure and applying the analysis using the *Poulis* factors, the court found that Cologne had satisfied the *Poulis* factors for dismissal of Windward's claims with prejudice for lack of prosecution. *Id.* 540-541. "We conclude we have authority to dismiss an action for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure where a party has unduly delayed in proceeding to arbitration in violation of a court

10

order. If it were otherwise, a plaintiff could disregard with impunity an order to arbitrate." *Id.* 543.

B. **Entry of default against CFA as a sanction for CFA's violations of the Court Orders**.

Rule 55(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

"By its very language, the "or otherwise defend" clause is broader than the mere failure to plead." *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 917 (3d Cir. 1992). "Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction." *Id.*

After determining that the district court properly ordered the defendant to appear through counsel, the court, in *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991), held that the district court did not abuse its discretion in entering a default judgment under Rule 55(a) of the Federal Rules of Civil Procedure against the defendant as a sanction for willfully disregarding the district court's order. The court in *Eagle* stated, "[having] determined that the district court properly ordered Eagle to appear through counsel, it was appropriate to enter a default

11

judgment when Eagle willfully disregarded the district court's order. The court was confronted by a recalcitrant party who failed to comply with its order to obtain counsel. Such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Id.*

### C.    Application of *Poulis* factors.

Upon application of the *Poulis* factors to the facts at hand, dismissal of CFA's Counterclaim with prejudice and entry of default against CFA on Holzman's Complaint as sanctions for CFA's repeated and continuing willful and bad faith violations of the Court Orders are clearly warranted.

#### 1.    Personal Responsibility.

This is not a situation where the Court must allocate responsibility between CFA and its counsel. CFA has actual knowledge of, and bears sole personal responsibility for, the repeated and continuing violations of the Court Orders. (See Motion to Withdraw, Exhibits "C" and "D" and Affidavit of Kelly Bryant Berganio). CFA's Initial Counsel, in the Notice of Hearing Motion for the Motion to Withdraw, notified CFA that, should the Motion to Withdraw be granted, CFA will be personally responsible for complying with all court orders and time limits established by any applicable rules, and that, as a corporation, partnership, or other legal entity, CFA cannot appear without counsel admitted to practice before the court, and absent

12

prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken and default judgment or other sanction may be imposed against CFA. (See Motion to Withdraw).

### 2.     Prejudice to Holzman.

Holzman has been prejudiced by CFA's failure and/or refusal to comply the Court Orders. Holzman signed the Agreement to Participate and remitted his $4,400.00 initial deposit to DPR on June 6, 2005 but has not been able to proceed to arbitration due to CFA's continuing failure and/or refusal to comply with the Court Orders. By failing and/or refusing to comply with the Court Orders, CFA has achieved an indefinite stay of this proceeding and effectively denied Holzman of his right to proceed with the arbitration.

### 3.     History of Dilatoriness.

This case has been characterized by a consistent and continuing pattern of delay by CFA. Eight (8) months have passed since the Order to Obtain New Counsel was issued but to date, CFA has still not obtained new counsel to enter an appearance on its behalf in this case. In addition, seven (7) months have passed since the Order Compelling Arbitration was issued but to date, CFA has still not signed and returned the Agreement to Participate to DPR or remitted the CFA Deposit to DPR. (See Exhibits "C" and "D" and Affidavit of Kelly Bryant Berganio).

### 4. Willfulness and Bad Faith.

This is not a situation where the Court must decide whether CFA's continuing violations of the Court Orders are the result of CFA's excusable neglect or willfulness and bad faith. As noted above, CFA's Initial Counsel, in the Notice of Hearing Motion to the Motion to Withdraw, notified CFA that, should the Motion to Withdraw be granted, CFA will be personally responsible for complying with all court orders and time limits established by any applicable rules, and that, as a corporation, partnership, or other legal entity, CFA cannot appear without counsel admitted to practice before the court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken and default judgment or other sanction may be imposed against CFA. (See Motion to Withdraw). In light of this notice, CFA's continuing failure and/or refusal to comply with the Court Orders is clearly the result of CFA's willfulness and bad faith, calculated to achieve an indefinite stay of this proceeding and effectively deny Holzman of his right to proceed with the arbitration, rather than excusable neglect on the part of CFA.

### 5. Alternate Sanctions.

CFA's violations of the Court Orders are continuing to date and make proceeding with the mandated arbitration impossible. (See Affidavit of Kelly Bryant Berganio). In light of the prior notice given to CFA, there are no appropriate

sanctions other than dismissal of CFA's Counterclaim and entry of default against CFA on Holzman's complaint.

### 6. Meritoriousness of Claims or Defenses.

Holzman's claims asserted in his Complaint and his defenses to CFA's Counterclaim are meritorious. Nothing in CFA's pleading asserted a dispositive defense to Holzman's claims made in the Complaint and CFA's Counterclaim was not dispositive. Unless the pleading asserted a dispositive defense (or claim), the issue of meritoriousness would be neutral. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 922 (3d Cir. 1992).

### III. CONCLUSION

For the reasons stated above, Holzman requests that this Court sanction CFA for its repeated and continuing violations of the Court Orders by dismissal of CFA's Counterclaim with prejudice and entry of default against CFA on Holzman's Complaint.

WHEREFORE, Holzman prays for the following:

1. Dismissal of CFA's Counter Claim;

2. Entry of default judgment against CFA on Holzman's Complaint;

3. Judgment that Holzman recover from CFA all attorneys' fees and costs (including Court and arbitration costs) incurred in connection with the Motion

15

to Withdraw, the Motion to Compel Arbitration and this motion, a response, and the resulting Order granting or denying this motion; and

4. For such other relief as this Court deems just and equitable under the circumstances.

DATED: Honolulu, Hawaii, May 5, 2006.

MACDONALD RUDY BYRNS O'NEILL & YAMAUCHI, A LIMITED LIABILITY LAW PARTNERSHIP, LLP

_____
ROBERT M. YAMAUCHI

Attorney for Plaintiff
DAVID HOLZMAN