FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

SEP 29 2005

FOR THE DISTRICT OF HAWAII

at 8 o'clock and 15 min a M
SUE BEITIA, CLERK

DAVID HOLZMAN,                     )     CIVIL NO. 04-00009 SOM/KSC
                                   )
             Plaintiff,            )
                                   )
        vs.                        )     ORDER COMPELLING ARBITRATION;
                                   )     ORDER DENYING WITHOUT
                                   )     PREJUDICE PLAINTIFF'S REQUEST
COMMERCIAL FORCED AIR, INC.,       )     FOR DECLARATORY RELIEF,
et al.,                            )     SPECIFIC PERFORMANCE,
                                   )     SANCTIONS, AND ATTORNEYS'
             Defendants.           )     FEES AND COSTS
                                   )
_____)

ORDER COMPELLING ARBITRATION; ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF, SPECIFIC PERFORMANCE,
SANCTIONS, AND ATTORNEYS' FEES AND COSTS

I.      INTRODUCTION.

        On August 29, 2005, Plaintiff David Holzman filed a

Motion to Compel Arbitration, contending that, although the

parties had agreed in writing to arbitrate this dispute,

Defendant Commercial Forced Air, Inc. ("Commercial"), has refused

to comply with the requirements set by Dispute Prevention and

Resolution, Inc. ("DPR"). Commercial's noncompliance allegedly

caused the arbitration hearing to be cancelled. Holzman also

contends that Commercial's failure to comply constitutes bad

faith.

        Because the parties entered into a valid and

enforceable written agreement to arbitrate, the court, pursuant

to Haw. Rev. Stat. § 658A-7(a)(2) (Supp. 2001), orders the

parties to arbitrate the instant dispute. However, the court

denies without prejudice Holzman's request for declaratory·

**Exhibit "B"**

relief, specific performance, sanctions, and attorneys' fees and costs relating to Holzman's assertion of bad faith.[1]

II.        PROCEDURAL AND BACKGROUND FACTS.

On November 21, 2003, Holzman filed a Complaint against Commercial in the First Circuit Court of the State of Hawaii. See generally Ex. A (attached to Notice of Removal).  In the Complaint, Holzman alleges that he and Commercial entered into an oral agreement that Holzman would be Commercial's exclusive sales agent and consultant in the Asia and Pacific region.  Id. ¶¶ 9-12.  Holzman says that Commercial promised to pay Holzman a "ten percent (10%) commission on all revenue resulting from Product sales," as well as to reimburse Holzman for travel costs and other related expenses.  Id. ¶¶ 13, 15.  Holzman also alleges that Commercial agreed to prepare and execute a written contract incorporating all the terms of the oral agreement.  Id. ¶ 16.  However, Holzman says that Commercial failed to pay him commissions, reimburse his travel costs and expenses, or prepare and execute a written contract.  Id. ¶¶ 32-34.

After Commercial removed the case to federal court, see Notice of Removal at 1-3, the parties agreed to submit the dispute to binding arbitration.  On March 7, 2005, both parties submitted letters to the court stating that they agreed to

---

[1] The court decides this motion without a hearing pursuant to Local Rule 7.2(d).

arbitrate the case. Exs. A-B. Similarly, on April 29, 2005, both parties submitted letters to the court stating that they had submitted the case to arbitration and that they had mutually selected Hon. E. John McConnell (Ret.) as the arbitrator. Exs. E-F.

On May 3, 2005, Holzman's counsel delivered to DPR a Submission to ADR Form ("Submission Form"). Ex. D. Both parties had signed the Submission Form, which stated, "We, the undersigned parties, hereby agree to submit the dispute described below to . . . Binding Arbitration." Ex. D.

On May 24, 2005, DPR sent a letter to the parties, requesting that they sign and return an enclosed Agreement to Participate in Binding Arbitration ("Agreement to Participate") by June 17, 2005. Ex. I. The Agreement to Participate stated that "the parties are responsible for the DPR/Arbitrator fees and out of pocket expenses on an equal basis" and that "DPR shall collect initial deposits from the parties in advance." Ex. I. DPR's letter also requested "that each party remit a $4,400.00 initial deposit to [DPR] by August 1, 2005." Ex. I.

On August 2, 2005, DPR sent a second letter to the parties, stating that "DPR has not received the signed [Agreement to Participate] or $4,400.00 initial deposit from Commercial Forced Air as requested in our May 24, 2005 letter." Ex. J. DPR

3

continued, "If we do not receive the signed Agreement and deposit by August 5, 2005, we will cancel the arbitration." Ex. J.

On August 10, 2005, DPR sent the parties a third letter, stating that it "did not receive the signed Agreement or deposit" from Commercial. Ex. K. DPR consequently cancelled the arbitration hearing and "place[d] this matter in abeyance pending further advice from the parties, or further direction from the court." Ex. K.

III.     ANALYSIS.

Holzman argues in his motion that, because the parties entered into an enforceable written agreement to arbitrate, the court should compel arbitration pursuant to Haw. Rev. Stat. § 658A-7(a)(2). Commercial agrees that a valid and enforceable written agreement to arbitrate exists. The court therefore grants Holzman's request for an order compelling arbitration. However, the court denies without prejudice Holzman's request for other declaratory relief, specific performance, sanctions, and attorneys' fees and costs.

The Hawaii Supreme Court has held that, "Without an agreement to arbitrate, a court may not force parties to engage in arbitration." Luke v. Gentry Realty, Ltd., 105 Haw. 241, 247, 96 P.3d 261, 267 (2004). Pursuant to Haw. Rev. Stat. § 658A-7,

> (a) On motion of a person showing an agreement to arbitrate and alleging another

person's refusal to arbitrate pursuant to the
agreement:

. . . .

(2) If the refusing party opposes the
motion, the court shall proceed summarily to
decide the issue and order the parties to
arbitrate unless it finds that there is no
enforceable agreement to arbitrate.

Holzman and Commercial agreed to arbitrate this case.
Both parties acknowledge that they signed the Submission Form,
which stated that they "agree to submit the dispute described
below to . . . Binding Arbitration." Ex. D. Commercial does not
challenge the validity or enforceability of the Submission Form.

Similarly, both parties agree that Commercial's actions
caused the cancellation of the arbitration hearing. Holzman
alleges that Commercial prevented arbitration by not complying
with DPR's requirements to sign the Agreement to Participate and
to remit $4,400.00 to DPR. Commercial acknowledges that the
arbitration hearing was cancelled "due to a failure of
[Commercial] to timely pay [its] arbitration administrative
fees." Opp. at 3. Because an enforceable arbitration agreement
exists and Commercial's inaction has prevented the arbitration
from proceeding, Haw. Rev. Stat. § 658A-7 compels the court to
order arbitration of this dispute.[2]

---

[2] Contrary to Commercial's assertion that "the Court has
already ordered arbitration of this matter," Opp. at 2, the court
has not previously ordered the parties to arbitrate this dispute.

The court denies without prejudice Holzman's request for declaratory relief, specific performance, sanctions, and attorneys' fees and costs. At this point, the only reason before the court as to why Commercial has not proceeded with arbitration is Commercial's alleged inability to pay arbitration costs. On this record, the court cannot find bad faith. The parties may agree to submit this issue to the arbitrator.

IV.     CONCLUSION.

In light of the foregoing, the court orders the parties to proceed with arbitration of all claims in this dispute. If the parties decide to go forward with DPR, Commercial must comply with all requirements imposed by DPR, including signing and returning the Agreement to Participate and remitting $4,400.00 to DPR. If the parties agree to arbitration through another arbitration service or without going through a service, they must comply with all requirements imposed by that service or by the arbitrator.

Holzman's request for declaratory relief, specific performance, sanctions, and attorneys' fees and costs is denied without prejudice.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, September 29, 2005

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Holzman v. Commercial Forced Air, Inc., et al., Civil No. 04-00009 SOM/KSC; ORDER COMPELLING ARBITRATION; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF, SPECIFIC PERFORMANCE, SANCTIONS, AND ATTORNEYS' FEES AND COSTS.