IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID HOLZMAN, | ) CIVIL NO. 04-00009 SOM-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION THAT MOTION |
| vs. | ) FOR SANCTIONS BE GRANTED |
| | ) AND THAT ENTRY OF DEFAULT |
| COMMERCIAL FORCED AIR, | ) AND JUDGMENT BY DEFAULT BE |
| INC., JOHN DOES 1-10, JANE | ) ENTERED |
| DOES 1-10, DOE PARTNERSHIPS | ) |
| 1-10, DOES ENTITIES 1-10 | ) |
| and DOE GOVERNMENTAL UNITS | ) |
| 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT
MOTION FOR SANCTIONS BE GRANTED AND THAT ENTRY OF
<u>DEFAULT AND JUDGMENT BY DEFAULT BE ENTERED</u>

On May 5, 2006, Plaintiff David Holzman

("Plaintiff") filed a Motion for Sanctions ("Motion").

The matter came on for hearing on June 26, 2006.

Attorney Robert M. Yamauchi appeared on behalf of

Plaintiff.  Defendants Commercial Forced Air, Inc.,

John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10,

Doe Corporations 1-10, Doe Entities 1-10 and Doe

Governmental Units 1-10 ("Defendants") did not file an opposition to the Motion nor did any counsel appear at the hearing on their behalf.  At the hearing, Attorney Yamauchi informed the Court that he had not heard anything from Defendants.

Plaintiff moves for sanctions against Defendant Commercial Forced Air, Inc. ("Defendant") based on (1) Defendant's failure to obtain new counsel to appear in this case in accordance with this Court's Order Granting Motion to Withdraw as Counsel For Defendant Commercial Forced Air, Inc., filed on September 9, 2005; and (2) Defendant's failure to proceed with arbitration of all claims in compliance with the Order Compelling Arbitration; Order Denying Without Prejudice Plaintiff's Request for Declaratory Relief, Specific Performance, Sanctions, and Attorney's Fees and Costs, filed September 29, 2005.

<u>BACKGROUND</u>

On November 21, 2003, Plaintiff filed a Complaint in the First Circuit Court of the State of Hawaii alleging breach of contract, among other claims.

After the case was removed to federal court, Defendant agreed to binding arbitration with Dispute Prevention & Resolution, Inc. ("DPR").  However, Defendant failed to sign DPR's arbitration agreement and failed to remit the initial deposit for the arbitration.  As a result, DPR canceled the arbitration hearings.

On August 8, 2005, Defendant's then counsel, Damon Key Leong Kupchak Hastert and Stites & Harbison, PLLC, filed a Motion to Withdraw as Counsel.  On August 29, 2005, Plaintiff filed a Motion to Compel Arbitration.  On September 9, 2005, this Court granted the Motion to Withdraw as Counsel and ordered Defendant to obtain new counsel to appear at the hearing on the Motion to Compel, since Defendant, as a corporation, could not proceed without counsel.  The Court ordered Defendant's then counsel to appear at the hearing in the event that Defendant had failed to obtain new counsel by that time.

On September 29, 2005, District Judge Susan Oki Mollway granted Plaintiff's Motion to Compel Arbitration without a hearing and Damon Key Leong

Kupchak Hastert and Stites & Harbison, PLLC withdrew from the case.  To date, Defendant has failed to obtain new counsel and has failed to comply with the Order Compelling Arbitration.  Consequently, Plaintiff requests that the Court sanction Defendant for violating the Order to Obtain New Counsel and Order Compelling Arbitration by dismissing Defendant's counterclaim with prejudice and entering default judgment against Defendant.

At the hearing on June 26, 2006, the Court orally found and recommended that Plaintiff's Motion be granted and requested supplemental briefing on the issues of damages and attorneys' fees.  On July 24, 2006, Plaintiff filed a Supplemental Memorandum in Support of Plaintiff's Motion for Sanctions.

<u>DISCUSSION</u>

Plaintiff seeks dismissal of Defendant's counterclaim with prejudice and entry of default judgment against Defendant.  District courts have discretion to enter dismissals and default judgments as sanctions in appropriate cases.  <u>See</u> <u>Link v. Wabash</u>

4

Railroad Co., 370 U.S. 626 (1961); see also Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).  However, dismissal is a harsh penalty and it should only be imposed in extreme cases. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Thus, the Ninth Circuit has held that the following factors should be weighed when determining whether to dismiss a case for failure to prosecute or comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic alternatives." Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

Rule 55(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).

Upon default, the factual allegations of the complaint, except for those related to the amount of damages, will be taken as true.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  A default judgment establishes, as a matter of law, that the facts alleged to establish liability are binding on the defaulting party.  Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)(citation omitted).

After a careful review of the Motion and the record herein, the Court finds that dismissal of Defendant's counterclaim and entry of default judgment against Defendant are appropriate sanctions in this case.  Defendant has failed and refused to comply with two court orders.  The Court has given Defendant ample opportunity to obtain new counsel and Defendant has failed to do so.  In addition, Defendant has not

provided any explanation to the Court to justify its blatant disregard of the two court orders. Consequently, considering Defendant's failure to defend this case, the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the lack of less drastic alternatives available under the circumstances, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Sanctions be GRANTED, that Defendant's counterclaim be dismissed with prejudice, that default be entered by the clerk of the court, and that default judgment be entered. See Fed. R. Civ. P. 55(a); Malone, 833 F.2d at 130. The Court FINDS and RECOMMENDS that default judgment be entered based on the following:

1. On or about June 1, 1997, Plaintiff and Defendant entered into an oral agreement under which Defendant retained Plaintiff's services as an independent contractor to act as its exclusive sales agent in the Asia and Pacific region to promote, market, and procure sales of Defendant's products.

7

2.   Under the agreement, Defendant agreed to pay
Plaintiff a commission equal to ten percent (10%) of
all sales of CFA products in the Asia and Pacific
region, excluding freight charges, made an/or procured
during the term of the Agreement.  Defendant further
agreed to provide Plaintiff with an accounting of the
total sales of its products in the Asia and Pacific
region and total commissions due to Plaintiff as
Defendant's exclusive sales agent pursuant to the
agreement.

3.   In reliance on the agreement and on Defendant's
promises made pursuant to the agreement, Plaintiff
traveled to various countries within the Asia and
Pacific region to promote, market, and procure sales of
Defendant's products, and incurred traveling costs in
excess of $60,000.00.  Plaintiff accessed his network
of contacts and connections to arrange meetings with
potential customers, used his marketing skills to
promote, market, and procure sales of Defendant's
products, and drafted press releases, service

proposals, and e-mail responses to Defendant's customers.  Plaintiff also advised Defendant on a variety of business issues.

4.  Defendant designated Plaintiff as its sales agent for the Asia and Pacific region to third parties and sought Plaintiff's assistance in recommending proposals for the sale of Defendant's products to prospective customers.

5.  Defendant failed and/or refused to provide Plaintiff with an accounting of the total sales of Defendant's products in the Asia and Pacific region and the total commissions due to Plaintiff as Defendant's exclusive sales agent pursuant to the agreement.

6.  Defendant owes Plaintiff a total sum of $510,882.00 in commissions for sales of Defendant's product in the Asia and Pacific region pursuant to the agreement.

7.  As a result of Defendant's conduct, Plaintiff is entitled to recover a total of $601,042.29 consisting of the following: $510,882.00 in commissions

owed; $1,000.00 for the mediation fee; $4,400.00 for the arbitration fee; and $84,757.29 in attorneys' fees and costs incurred by Plaintiff in bringing this case.

<u>CONCLUSION</u>

Accordingly, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Sanctions be GRANTED, that Defendant's counterclaim be dismissed with prejudice and default judgment be entered in the amount of $601,042.29.  The Court directs the Clerk to issue an entry of default so that default judgment may be entered.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, September 8, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge


CIVIL 04-00009 SOM-KSC.  <u>DAVID HOLZMAN V. COMMERICAL FORCED AIR, INC. et al.</u>; FINDINGS AND RECOMMENDATION THAT MOTION FOR SANCTIONS BE GRANTED AND ENTRY OF DEFAULT AND JUDGMENT BY DEFAULT BE ENTERED